## G. W. JENKIN'S EX'R v. J. H. BROWN.

**Award of Arbitrators.**
> After an award is made and signed by the arbitrators, it cannot be altered or amended without notice to the party affected by the amendment.

**Power of Court to Correct Mistake in Award.**
> The court has the power upon proper pleadings being filed to correct a mistake in an award made by arbitrators when it is shown such mistake has been made.

**Suit on Dispute After Award Made.**
> No action can be maintained on the original cause of dispute after submission and award made thereon, without the award being successfully assailed.

### APPEAL FROM NELSON CIRCUIT COURT.

June 17, 1879.

OPINION BY JUDGE HARGIS:

Both parties admit the arbitration and award. There is no pleading in the case showing any grounds for setting aside the award, nor does either party ask this to be done, or dispute that it was fairly made.

The only question affecting the award in any degree is raised by the averment in appellant's pleadings that the arbitrators, by an erroneous calculation, gave the appellant only one-half of the sum

which should have been awarded to him. But this does not appear on the face of the award. That alleged error was sought to be cured by an amendment of the award after it was made and signed by the arbitrators, without notice to the appellee. This was not legal because of the absence of notice and the cessation of the powers of the arbitrators. The court had the power, with proper pleadings, to correct the mistake if any had been made. *Baker's Heirs v. Crockett,* Hardin 388.

But the appellant, having brought his suit in two paragraphs, in the first suing on the award, and in the second on the account and promise to pay it, on motion of the appellee, the court ordered him to elect which cause of action he would prosecute, and without objection or exception he elected to sue on the acount set up in the second paragraph and the first was dismissed without prejudice.

The appellee then pleaded the award in bar, which should have been sustained, for no action can be maintained on the original cause of dispute after submission and award thereon without the award being successfully assailed. *Evans v. M'Kinsey,* Litt. Selected Cases, 264; *Logsdon v. Roberts,* 3 Mon. 255; *Tevis' Ex'r v. Tevis' Ex'rs,* 4 Mon. 47.

But the court erred in rendering judgment for $38.09 in favor of appellee on his counterclaim, because the submission and award was final, as no legal reason was shown to set them aside; and appellant should not have been charged with uncollected rents, because there is neither pleadings nor consideration shown sufficient to sustain a promise by appellant's testator to pay the rents, even if the award were not final, and the testimony established the promise, for it was as much the duty of appellee as of the appellant to rent the partnership property.

There was no error in excluding appellee's deposition because he testified to matters about which he was not competent to testify, and concerning the matters about which he was competent he failed to say anything.

Wherefore the judgment is *reversed* with directions to dismiss appellant's action without prejudice, and to dismiss appellee's counterclaim also without prejudice.

*Muir & Wickliffe, for appellant.*

*John A. Fulton, for appellee.*